## CANTORAL v. MATHIASEN'S TANKER INDUSTRIES, Inc.

### No. 501 of 1949 in Admiralty.

United States District Court
E. D. Pennsylvania.

Oct. 31, 1950.

---

3.  46 U.S.C.A. § 688.

4.  46 U.S.C.A. § 761.

872

---

Paul M. Goldstein, of Stark & Goldstein, Philadelphia, Pa., for libellant.

John O. Platt, Jr., of Clark, Brown, McCown, Fortenbaugh & Young, Philadelphia, Pa., for respondent.

WELSH, Judge.

In the course of a deposition which was taken on August 31, 1950, respondent's witness, Austin F. Nathey, testified that he had refreshed his recollection by having consulted on August 17, 1950 a statement which had been made by him in December, 1949.

Counsel for libellant requested the production of the statement for his examination and inspection for the purpose of assisting him in cross-examining the witness. The request was refused. The libellant now moves the Court to suppress the deposition on the ground that he was entitled to the statement and has been prejudiced by the refusal to produce same.

Mr. Justice Roberts, in Goldman v. United States, 316 U.S. 129, 132, 62 S. Ct. 993, 995, 86 L.Ed. 1322, stated the applicable rule in the following language: "We hold there was no error in denying the inspection of the witnesses' memoranda. * * * We think it the better rule that where a witness does not use his notes or memoranda in court, a party has no absolute right to have them produced and to inspect them."

The above quoted language makes it clear that no absolute right to examine a statement used outside the Court to refresh the recollection of a witness exists. However, the language does not preclude a Court from ordering the production of a statement used outside the Court to refresh the recollection of a witness, if the facts and circumstances of a particular case warrant it.

It may very well be that the libellant under the facts and circumstances of the instant case was entitled to inspect the statement in question and has been prejudiced by the refusal to allow the production of same for his inspection, yet this Court is not prepared at this time to grant him the relief prayed for, i. e., to suppress the deposition. It is the opinion of the Court that the present motion to suppress the deposition was prematurely brought and that said motion should be renewed at the time of trial when all the facts and circumstances will be before the Court.

The motion to suppress the deposition is therefore denied without prejudice.

An order in conformity with the foregoing opinion will be presented.